IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

TOMAS PEREZ,

    Petitioner,

vs.   CIVIL ACTION NO.: CV205-204

JOSE VAZQUEZ, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Tomas Perez ("Perez"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a response. For the following reasons, Perez's petition should be **DENIED**.

## STATEMENT OF THE CASE

Perez was convicted of conspiracy to possess with intent to distribute cocaine in the United States District Court for the Southern District of Florida. On August 30, 1988, after a plea of guilty, the imposition of sentence of confinement was suspended and Perez was placed on probation for a period of three years. Approximately one year later, in August 1989, Perez violated the terms of his probation. On September 7, 1989, the sentencing court revoked Perez's probation and sentenced him to thirty (30) years imprisonment. The sentencing court ordered that Perez's good time be computed in accordance with 18 U.S.C. § 3624(b), post-November 1, 1987 good time provisions ("new law"). That is, instead of the more generous provisions of the pre-November 1, 1987 ("old law") statute,

AO 72A
(Rev. 8/82)

which included an allowance for additional Meritorious Good Time ("MGT") credit. On January 7, 2004, Perez petitioned the sentencing court to amend his sentence, claiming that good time should have been computed under "old law" provisions. The sentencing court agreed and ordered that Perez's sentence be amended nunc pro tunc to reflect that good time be calculated under the more favorable "old law."

In accordance with provisions of the "old law" of 18 U.S.C. § 4161, and the procedures set out in implementing regulations and in the BOP's own Program Statements, the BOP computed Perez's "old law" sentence, granting him applicable Statutory Good Time (SGT). Pursuant to 28 C.F.R. § 532.14, the BOP further awarded Perez Industry Good Time (IGT) of 515 days for time that he worked in UNICOR during his incarceration. Perez additionally requested that he be granted MGT for the time he was employed in non-UNICOR prison jobs, since MGT had been available under "old law" good time provisions. The BOP denied Perez's initial request for MGT and further denied his requests through the BOP's Administrative Remedy Program, informing him that "[n]o meritorious good time can be granted before February 3, 2004 due to the fact that you were not recommended by staff prior to this time because you were not eligible to receive meritorious good time." (Doc. No. 8, p. 11). The primary reason Perez was not recommended for MGT prior to 2004 was that apparently none of his supervisors knew he was eligible to receive MGT. A sentence like Perez's, incorrectly computed under "new law" good time provisions, could not have included MGT because the "new law" simply grants no authority to award MGT. Thus, regardless of whether Perez's job performance was exceptional over the years, and regardless of whether his positions were of institutional importance, Perez simply could not have been recommended for MGT by any of his supervisors.

3

Perez asserts that because his sentence was ordered to be in accordance with "old law" *retroactively*, the BOP must now award him MGT for the years up until 2004 unless it can show that he was ineligible for some reason. He further asserts that even if recommendations are necessary to an award of MGT, the BOP must at least assist him in requesting recommendations from former supervisors. Specifically, Perez contends that the BOP should immediately provide him with:

1) a chronological list of his previous prison job assignments and supervisors;

2) the current BOP work addresses of each former supervisor;

3) assistance in drafting and forwarding each former supervisor a request to recommend him for retroactive MGT; and,

4) follow-up assistance in the event the former supervisors do not immediately respond.

(Doc. No. 1, pp.13-14).

Respondent contends that the BOP has wide discretion in the awarding of MGT. Respondent asserts that Perez may or may not have been recommended for MGT had he originally been sentenced under "old law," and that the BOP may or may not have approved those recommendations. Respondent asserts that to automatically award full retroactive MGT now would be far too speculative. Respondent also asserts that because Perez waited until 2004 to claim this error before the sentencing court, it was Perez's own lack of diligence that contributed to his having lost the opportunity to receive MGT recommendations. Finally, Respondent asserts that FCI Jesup staff are now willing to provide information to Perez about his previous prison job assignments, to reasonably attempt to identify former supervisors, and to provide contact information for those former

supervisors still employed within the BOP. Respondent avers, however, that FCI Jesup is not willing to locate former supervisors who no longer work within the BOP and is not willing to help Perez draft or forward the letters. Respondent also avers that FCI Jesup should not have to follow up if supervisors fail to immediately respond. Respondent contends that such an expenditure of Government resources is unwarranted in this case.[1]

## DISCUSSION AND CITATION TO AUTHORITY

Prior to November 1, 1987, 18 U.S.C. § 4162 governed the credit a prisoner could receive for "industrial good time" and, more specifically, credit for "meritorious" good time. The statute, in pertinent part, states:

> A prisoner may, *in the discretion of the Attorney General*, be allowed a deduction from his sentence . . . .
>
> *In the discretion of the Attorney General* such allowance may also be made to a prisoner performing exceptionally meritorious service or performing duties of outstanding importance in connection with institutional operations.

18 U.S.C. § 4162 (repealed 1987) (emphasis added). The United States Department of Justice has interpreted 18 U.S.C. § 4162 to require that prison staff recommend inmates for MGT based on work performance. Only if work is of an "exceptionally meritorious nature or is of outstanding importance in connection with institutional operations" is an inmate to be recommended for MGT. 28 C.F.R. § 523.11(a). Furthermore, recommendations by staff for MGT must be approved by the Warden before the MGT is actually awarded. U.S. Department of Justice, Program Statement No. 5880.30 ch. XIII § 4 at 3 (1997). MGT can be recommended and awarded retroactively in the case of an

---

[1] Respondent points out that Perez's efforts would likely have no effect on Perez's current release date, which is controlled by a separate "new law" sentence for another criminal conviction. A favorable outcome to this habeas corpus petition would only result in an earlier release of Perez in the event of some Congressional action increasing GCT or instituting parole for "new law" sentences.

5

administrative error, subject to additional restrictions. 28 C.F.R. § 523.11(b).

It is clear that Perez has no absolute constitutional right to credit for good time while in prison. Wolff v. McDonnell, 418 U.S. 539, 557 (1974). A statute, of course, may create a right to a shortened prison sentence through the accumulation of credits for good behavior, the denial of which may implicate the protections of the Due Process Clause. Id. However, the statute applicable to Perez's sentence did not create such a right. Conversely, 42 U.S.C. § 4162 provides no automatic entitlement to MGT. Rather, the statute grants the Attorney General broad discretion in whether to award MGT. Thus, Perez's assertion that the BOP must award him "all of [the MGT] that would have otherwise been available to him" is decidedly without merit. (Doc. No. 1, p. 8). In this case, the BOP has exercised its discretion by declining to automatically grant Perez full MGT in the absence of any staff recommendations. Requiring Perez to first have staff recommendations before he is awarded retroactive MGT comports with the plain language of 28 U.S.C. § 4162, as interpreted and applied by the BOP.

Furthermore, there is no statute or directive requiring any assistance to inmates requesting retroactive MGT recommendations. The Court will not substitute its judgment for that of the BOP with regard to the internal management and day-to-day operations of its prisons. It is within the discretion of the BOP and FCI Jesup to provide the Petitioner with what reasonable amount of assistance has been offered.

Perez has failed to show that the BOP has acted outside the scope of its discretion. It appears that the BOP has credited Perez with all the good conduct time and given him all the clerical assistance to which he is statutorily entitled. Accordingly, Perez is not entitled to his requested relief.

## CONCLUSION

Based on the foregoing reasons, it is my **RECOMMENDATION** that the Petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DENIED**.

**SO REPORTED and RECOMMENDED**, this 30th day of August, 2006.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

7

AO 72A
(Rev. 8/82)