FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2006 SEP 14 A 11: 41

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

TOMAS PEREZ,

    Petitioner,

vs.

JOSE VAZQUEZ, Warden,

    Respondent.

CIVIL ACTION NO.: CV205-204

## ORDER

After an independent review of the record, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. In his objections, Perez alleges that the Bureau of Prisons ("BOP") must recalculate his good time allowance and provide him with assistance in obtaining retroactive recommendations for meritorious good time credit ("MGT"). Perez contends that these are duties imposed on the BOP by its governing statutes and regulations, rather than matters within that agency's discretion.

Perez asserts that the BOP lacks the discretion to deny him MGT in light of the sentencing court's order to recalculate his good time under "old law." Perez alleges that the "[w]ord discretion does not appear in any of the statutes' language." However, as the Magistrate Judge noted, MGT is provided for by 18 U.S.C. § 4162 and is available "in the discretion of the Attorney General." There is simply no automatic entitlement to meritorious good time credit. While Perez hinges his contentions on the fact that the sentencing court

ordered his good time credit recalculated nunc pro tunc, that fact does not obviate the BOP's statutory grant of discretion in awarding MGT. The BOP did comply with the sentencing court's nunc pro tunc order and has recalculated Perez's good time credit in accordance with "old law" provisions. He has been granted additional statutory good time and industrial good time as a result of the nunc pro tunc order. However, in accordance with its own regulations, the BOP has declined to award Perez full MGT in the absence of staff recommendations. That decision is squarely within the BOP's discretion.

Additionally, while Perez contends that he has "inherent access" to assistance in gathering retroactive MGT recommendations under 28 C.F.R. § 523.11, this is simply a misinterpretation of the regulation. The regulation requires that staff recommend MGT based on work performance before MGT is awarded. It does not create any right in the inmate to assistance in requesting retroactive recommendations.

Perez's Objections are without merit. The Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court. Perez's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, is **DENIED**. The Clerk of Court is hereby authorized and directed to enter an appropriate Judgment of Dismissal.

SO ORDERED, this _14_ day of _September_, 2006.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)